**MARKOWITZ GRAVELLE, LLP**
By:  Christine M. Gravelle, Esquire (#0913)
**3131 Princeton Pike, Bldg. 3D**
**Lawrenceville, NJ 08648**
**(609) 896-2660**
*Attorney for the Debtors*

| | |
|---|---|
| In the Matter of | ) UNITED STATES BANKRUPTCY COURT |
| | ) DISTRICT OF NEW JERSEY |
| BNG HOLDINGS, LLC, et al., | ) |
| | ) CHAPTER 11 |
| Debtors. | ) |
| | ) Case No. 08-11615 (MBK) |
| | ) (Jointly Administered) |
| | ) |
| | ) **JOINT APPLICATION FOR** |
| | ) **COMPENSATION AND** |
| | ) **REIMBURSEMENT OF EXPENSES** |
| | ) **BY THE ATTORNEYS FOR THE DEBTOR** |
| | ) **IN A CHAPTER 11 PROCEEDING** |
| | ) |
| | ) Return Date: October 22, 2009 at 1:00 p.m. |
| | ) Oral Argument: Not requested unless objections |
| | )                          filed |
| | ) |

The application of Markowitz Gravelle, LLP ("MG" or "Applicant"), attorneys for the Debtors, seeking allowance of compensation for services rendered in the Chapter pursuant to 11 U.S.C. § 331, respectfully represents:

1. On January 30, 2008, your Applicant filed a Chapter 11 petition on behalf of the captioned Debtor ("BNG"). BNG owns two parcels of real property that it rents to two separate funeral home businesses: Hamilton Memorial Home, Inc. ("Hamilton") and Parkside Memorial Home, Inc. ("Parkside"). BNG, Hamilton and Parkside share common ownership.

2. Your Applicant filed Chapter 11 petitions on behalf of Parkside and Hamilton on May 1, 2008.

3. By Order dated February 19, 2008, the Court approved Markowitz Gravelle, LLP ("MG") as counsel to BNG. A copy of the Order authorizing employment of MG as counsel to

the Debtor is attached hereto as Exhibit "A."

4. By Order dated May 29, 2008, the Court approved MG as counsel to Parkside and Hamilton. A copy of the Orders authorizing employment of MG as counsel to Parkside and Hamilton is attached hereto as Exhibit "B."

5. By Order dated May 5, 2008, the Court authorized the joint administration of the three cases.

6. The bankruptcy filings were precipitated by lawsuits arising out of the secured creditor's attempts to foreclose on the real property owned by BNG and on the assets of Parkside and Hamilton.

7. Much of the legal time spent on these cases applied to all three entities. Confirmation of a successful plan in one was contingent upon confirmation of a successful plan in all three cases. Your Applicant prepared a plan and disclosure statement, reviewed objections thereto, and filed a first amended plan and disclosure statement to address those objections. Eventually, your Applicant filed and successfully confirmed a joint plan for all three debtors.

8. Wherever time was spent on an issue that applied to all cases, the time was allocated evenly between the three cases so as not to double bill the files. This narrative summarizes all time spent, including that allocated to the BNG case, even if that time is not charged herein.

9. Your Applicant reviewed the value of the property of BNG, Hamilton and Parkside and the claims against it, and analyzed the interplay of each of the bankruptcy estates.

10. Your Applicant prepared and filed Petitions, Schedules and Statements of Financial Affairs pursuant to Chapter 11 of the Bankruptcy Code. Your Applicant also prepared and filed an Application for retention as counsel to the debtors.

11. Your Applicant attended the 341 meeting of creditors and the initial debtor

interview with a representative of each of the debtors and assisted the debtors in preparing their monthly reports.

12. Within thirty (30) days after the filings for Parkside and Hamilton, the sole shareholder/member of the debtors died at an early age leaving a Will that predated his existing marriage. Your Applicant researched the affect of the Will on the control of the debtors and worked closely with an attorney hired by the deceased's widow to substitute a fiduciary in the pending bankruptcy cases to insure a smooth transition of management. The debtors' request to appoint a fiduciary was contested and had to be addressed with the Court.

13. Your Applicant researched, prepared and filed contested motions for authority to continue the lease and lending relationships between each of the debtors and addressed cash collateral, assignment of rents, and critical vendor issues, all of which required research and the preparation of filings with the Court.

14. Each case involved a secured creditor with whom no consensual arrangement could be reached on any issue. In addition, the deceased's mother, who held a mortgage against BNG, agreed to the debtors' plan only after extensive negotiation and litigation. Therefore, your Applicant spent many hours preparing for a contested confirmation hearing which time included motion practice addressing creditors' qualification to vote.

15. Your Applicant researched the facts and prepared two Verified Complaints and Orders to Show Cause against four defendants and conducted discovery in both cases.

16. Your Applicant researched the regulations relevant to funeral home operations and worked with the New Jersey Board of Mortuary Services to insure regulations were properly followed.

17. Your Applicant worked with various realtors and auctioneers to develop the best plan for the debtors and prepared retention papers for an accountant, appraiser, realtor, and

auctioneer for the Estates, many of which were contested.

18. Your Applicant met with had telephone conferences with entities interested in the possible purchase of the debtors' property and with potential lenders.

19. Your Applicant worked closely with the Court-appointed accountant to prepare tax returns for each of the debtors, which returns had not been filed for five and six years prior to the bankruptcy filings.

20. Your Applicant reviewed and responded to a motion for relief from stay filed by a secured creditor and negotiated a settlement of those claims.

21. Your Applicant attended numerous status and settlement conferences with the Court and responded to many creditor inquiries.

22. The terms of the confirmed First Amended Plan and Disclosure Statement called, in part, for the sale of Parkside at auction. The auction sale did not produce a bid high enough to fully fund the confirmed Plan. Therefore, your Applicant worked with the debtors to develop alternate funding plans consistent with the Order Confirming the First Amended Joint Plan.

23. Your Applicant negotiated the documentation for and closed the loan that ultimately funded the confirmed plan.

24. MG hereby submits its fee application for services rendered during the bankruptcy proceeding. Attached hereto as Exhibits "C," "D," and "E" are computer generated reports detailing all of the services performed by MG during the pendency of the Chapter 11 case for BNG, Parkside and Hamilton, respectively, and covers the period of January 2008 through September 15, 2009. The reports set forth the initials of the person rendering the services, the date upon which the services were rendered, a description of the services rendered, the time devoted to the recorded tasks, the hourly rate for the person reporting time and the value of the person's services rendered on that particular date.

25. Your Applicant believes that the foregoing services were necessary and beneficial to the Estates. All services for which compensation is requested have been performed for and on behalf of the debtors and not on behalf of any other person or entity. The reasonable value of the services rendered by MG as attorney for the debtors in the Chapter 11 proceedings, and the payments made total as follows:

    a. BNG - $104,889.50 in fees plus $3,853..07 for expenses, totaling $108,742.57; payments received: retainer $5,200.00, subsequent $36,956.24 (received June 2009);

    b. Parkside - $26,211.25 in fees plus $1,593.00 for expenses, totaling $27,804.25; payments received: retainer $7,400.00; and

    c. Hamilton - $21,507.25 in fees plus $1,567.00 for expenses, totaling $23,074.25; payments received: retainer $7,400.00.

WHEREFORE, MG respectfully requests a fee allowance as attorney for the Debtors in the amount of $159,621.07 for the Chapter 11 proceeding.

MARKOWITZ GRAVELLE, LLP
*Attorneys for BNG Holdings, LLC, Parkside Memorial Home, Inc. and Hamilton Memorial Home, Inc.*

BY: /s/Christine M. Gravelle

Dated: 9/17/09    Christine M. Gravelle